EBENEZER J. LOTHROP & another *vs.* HOWLAND OTIS.

If, in an action for goods sold and delivered, the answer does not deny the sale and delivery, but avers that the vendor made a special contract that the articles should be of a certain quality, and that in fact they were of an inferior quality; the burden of proof is on the defendant to prove both the contract and the breach thereof; and evidence to show a rescission of the purchase is incompetent. And if the goods sold were of an inferior quality, the amount of the deficiency should be deducted from the contract price.

Under a contract to furnish "a six ton scale," equal in every respect to another scale, which is referred to, it is sufficient to furnish a scale equal in all material respects, for the purpose of weighing six tons, to the one referred to; and it is not necessary to furnish a scale equal to the sample, if the latter has greater strength than is necessary for that purpose.

CONTRACT brought to recover ninety dollars as the balance due for "a six ton scale," sold and delivered. The answer averred that the plaintiffs agreed to build and set up for the defendant a scale, to be of sufficient strength and capacity to take on "a six ton load," and to be in all respects equal to a certain scale set up and used by Messrs. Hall & Robbins; and that the scale which was put up by the plaintiffs was greatly inferior to the scale of Hall & Robbins, in various particulars which were specified, and that it was nearly useless to the defendant, and not worth to him what he had already paid therefor.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiffs were employed in selling scales manufactured by the Buffalo Scale Company, and proposed to sell to the defendant, who was a dealer in coal, one of their scales, and the defendant replied that he was very well pleased with one in use by Messrs. Hall & Robbins, and, after examining it, the plaintiffs made a contract to furnish to him a six ton scale, equal in every respect to that one, and that the defendant should pay them by giving to them his old scale, and ninety dollars in money. The plaintiffs accordingly took away the old scale, and furnished and set up the new one, which still remains on the defendant's premises and in his use. The defendant has paid no part of the ninety dollars.

There was conflicting evidence as to whether the scale sold by the plaintiffs could safely weigh six tons, and the general

tendency of the whole evidence was to show that the various parts of it were inferior in size and strength to that of Hall & Robbins, which was called a six ton scale. The defendant requested the court to rule that the burden of proof was upon the plaintiffs to show that the scale was according to the contract, but the judge ruled otherwise. The defendant then offered to prove that he caused a written notice to be served on the plaintiffs, before the suit was commenced, to take away the scale and replace the old one ; but the judge ruled that under the answer filed in the case the proposed evidence was inadmissible.

The defendant then requested the court to rule that the plain‧ tiffs were bound to furnish a scale equal in every material respect to the sample, and if in any material parts it was not equal, and the inequality was not made up in some other part, by which the scale was made equally strong in all respects with the sample, the contract had not been fulfilled by the plaintiffs. Also, that if the sample scale were a six ton scale, and what is sold in the market as such, then the plaintiffs were bound to furnish a scale equally strong and equally good in every respect. The judge did not so rule, but instructed the jury that the defendant, by the terms of his contract, was entitled to a platform scale which should be capable of weighing as high as six tons, in the manner usually practised at such establishments as his — sufficient to stand all the rough usage incident to the customary use of such a thing with ordinary care, under all the circumstances, in all the modes, and subject to all the accidents to which such use, with ordinary care, would be subject ; that he was furthermore entitled by his contract to a scale equal in all material respects to the one referred to ; but that it was not necessary that it should be of the same pattern, and that equality does not mean exact correspondence ; that it should be in all its parts of as good material and as well constructed — that it must be equally serviceable, convenient, useful and durable, for the purpose of weighing six tons, in the manner indicated as the scale referred to — but that it was not required by the contract that it should be of any greater capacity than six tons, and, if the scale referred to had any superfluous strength not necessary for

the purpose of weighing six tons, it would not be incumbent on the plaintiffs to prove that the scale sold to the defendant had the same strength. The jury were also instructed, if they found the scale sold in any respect not equal to the contract or warranty, to deduct from the agreed price the amount of such deficiency.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*A. Cottrell,* for the defendant.

*F. W. Hurd,* for the plaintiffs.

CHAPMAN, J. The plaintiffs bring their action to recover the price of " one six ton scale," sold and delivered by them to the defendant. The answer of the defendant does not deny the sale and delivery, but avers that there was a special contract that the scale should be of a certain quality, and that it did not correspond to the contract and was of no value.

Under these pleadings, the burden of proof was on the defendant to prove the contract which he had alleged, and also the breach of it. The ruling of the judge on this point was in conformity with our statute, and with the general rules of plead ing and evidence. Gen. Sts. *c.* 129, §§ 17, 27. *Dorr* v. *Fisher,* 1 Cush. 271.

The offer to prove that a notice was served on the plaintiffs to take away the scale and replace the old one was properly rejected. The answer did not raise any question as to the sale and delivery by the plaintiffs, or the acceptance by the defend ant. It put the defendant's case exclusively upon the contract as to the quality of the article, the breach of it, and the conse-quent damages. The notice could not be pertinent to either of these points.

The contract proved was for a six ton scale, equal in every respect to the scale referred to. The ruling contained a proper interpretation of this contract, and a proper rule of damages, in case the jury should find the article in any respect defective. The contract did not require a scale that would weigh more than six tons, nor did it refer to what is sold in the market as such.                                    *Exceptions overruled.*